David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
(619) 233-7770
(619) 297-1022

Attorneys for Plaintiff
Dean Pellum

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dean Pellum<br><br>         Plaintiff,<br>v.<br><br>Legal Recovery Law Offices, Inc., FIA Card Services N.A., and Mark Walsh | Case No: '11CV1354 L    JMA<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

4. Dean Pellum, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Legal Recovery Law Offices, Inc., FIA Card Services N.A., and Mark Walsh, ("Defendants"), with regard to attempts by

1  Defendants to unlawfully and abusively collect a debt allegedly owed by
2  Plaintiff, and this conduct caused Plaintiff damages.
3  5. Plaintiff makes these allegations on information and belief, with the exception
4  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
5  Plaintiff alleges on personal knowledge.
6  6. While many violations are described below with specificity, this Complaint
7  alleges violations of the statutes cited in their entirety.
8  7. Unless otherwise stated, all the conduct engaged in by Defendants took place
9  in California.
10  8. Any violations by Defendants were knowing, willful, and intentional, and
11  Defendants did not maintain procedures reasonably adapted to avoid any such
12  violation.

### JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.
10. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").
11. Because Defendants do business within the State of California, personal jurisdiction is established.
12. Venue is proper pursuant to 28 U.S.C. § 1391.
13. At all times relevant, Defendants conducted business within the State of California.

HYDE & SWIGART
Phoenix, Arizona

## PARTIES

14. Plaintiff is a natural person who resides in the City of Imperial Beach, State of California.
15. Defendant Legal Recovery Law Office, Inc. and Defendant Mark Walsh are located in the City of San Diego, in the State of California.
16. Defendant FIA Card Services N.A. is located in City Wilmington, in the State of Delaware.
17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
18. Plaintiff is also a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).
19. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).
20. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).
21. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).
22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

23. Plaintiffs are informed and believe, and thereon allege that Defendant FIA Card Services N.A. is a furnisher of information as contemplated by 15 U.S.C. 1681s-2(b), that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

**FACTUAL ALLEGATIONS**

24. Sometime before 2008, Plaintiff is alleged to have incurred certain financial obligations.

25. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

26. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

27. Sometime thereafter, but before 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.

28. In 2008 Phillips and Cohen Associates LTD, an agent of Defendant FIA Card Services N.A., contacted Plaintiff regarding the alleged debt.

29. Plaintiff made payment arrangements for the alleged debt, and settled the alleged debt in full.

30. In April 2008 Defendant FIA Card Services N.A. contacted Plaintiff in an attempt to collect the alleged debt.

31. At that time, Plaintiff informed Defendant FIA Card Services N.A. that he had previously settled the alleged debt with Defendant's agent. Plaintiff then provided proof that the alleged debt was settled in full.

32. Defendant FIA Card Services N.A. then informed Plaintiff that they would update his account to show that it was settled and Defendant FIA Card Services N.A. would no longer be seeking any payments from Plaintiff.

33. In March 2010 Defendant FIA Card Services N.A. again contacted Plaintiff in an attempt to collect the alleged debt.

34. Plaintiff again informed Defendant FIA Card Services N.A. that he had previously settled the alleged debt with Defendant's agent. Plaintiff then provided proof that the alleged debt was settled in full.

35. Defendant FIA Card Services N.A. again informed Plaintiff that they would update his account to show that it was settled and Defendant FIA Card Services N.A. would no longer be seeking any payments from Plaintiff.

36. Subsequently, but before June 4, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Legal Recovery Law Office, Inc. and Defendant Mark Walsh for collection.

37. On or about June 4, 2010, Defendant Legal Recovery Law Office, Inc. and Defendant Mark Walsh filed a lawsuit against Plaintiff in an attempt to collect the alleged debt. The lawsuit was filed in the Superior Court of California, County of San Diego, case number 37-2010-93460-CL-CL-CTL (hereinafter referred to as the "state court case").

38. Shortly thereafter, Plaintiff was served the Summons and Complaint from the state court case.

39. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

40. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

41. In July 2010, Plaintiff filed an answer in response to the state court case and again explained that the debt had previously been paid.
42. Throughout the following months, Plaintiff tried to show Defendants the proof that the debt had previously been paid in an effort to get the state court case resolved.
43. In September 2010, Plaintiff was forced to appear at a mediation for the state court case, however Defendants failed to show.
44. In December 2010, Plaintiff was forced to appear at a case management conference for the state court case, however Defendants failed to show to this as well.
45. In February 2011, Plaintiff was then forced to appear at a order to show cause hearing for the state court case, and again Defendant failed to appear to this as well.
46. The state court case was eventually dismissed with prejudice due to Defendants lack of participation.
47. The totality of Defendants' actions constitute numerous and multiple violations of the FDCPA and Rosenthal Act.
48. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d.
49. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).
50. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

51. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

52. Through this conduct, Defendants were collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendant violated 15 U.S.C. § 1692f(1).

53. Because Defendants actions violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

54. Defendant FIA Card Services N.A. is also reporting "Key Derrogatory" in the payment history of the alleged debt on Plaintiff's credit reports.

55. Defendant FIA Card Services N.A. also fails to delete the account or reflect that it has been determined in a court of law that Plaintiff does not owe the alleged debt.

56. On or about January 2011 Plaintiff disputed the account pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, that the debt had been previously paid.

57. Subsequently Plaintiff received notification from Experian that Defendant FIA Card Services N.A. received notice of Plaintiff's dispute pursuant to 15 U.SC. § 1681i(a)(6), and verified the account as being reported accurately on Plaintiff's credit report. Experian's credit reports still shows the derogatory information and still lists the account on Plaintiff's credit report.

58. Through this conduct, Defendant FIA Card Services N.A. communicated or threatened to communicate to a person credit information which was known or which should have been known to be false, including the failure to communicate that a disputed debt is disputed. Consequently, Defendant FIA

Card Services N.A. violated 15 U.S.C. § 1692e(8). Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

59. Plaintiff believes that Defendant FIA Card Services N.A., upon receiving notice of their alleged dispute, failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681s-2(b)(1)(A).

60. Plaintiff further believes that Defendant FIA Card Services N.A. failed to review all relevant information provided by Plaintiff's in their dispute to Experian as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

61. Due to Defendant FIA Card Services N.A.'s failure to investigate, Defendant FIA Card Services N.A. further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing Defendant FIA Card Services N.A. to report inaccurate information to the pertinent credit reporting agencies in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

62. Plaintiff's continued efforts to correct Defendant FIA Card Services N.A.'s erroneous and negative reporting of the alleged debt by continued communications and disputes with Defendant and the pertinent CRA's was fruitless.

63. Defendant FIA Card Services N.A.'s continued inaccurate and negative reporting of the alleged debt in light of its knowledge of the actual error was willful.

64. Defendant FIA Card Services N.A.'s inaccurate and negative reporting damaged Plaintiff's creditworthiness.

65. By inaccurately reporting the alleged debt after notice and confirmation of its errors, Defendant FIA Card Services N.A. failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

66. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

67. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

68. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

71. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to

$1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## COUNT III

## FAIR CREDIT REPORTING ACT (FCRA)

## 15 U.S.C. §§ 1681 ET SEQ.

72. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

73. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681.

74. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual damages sustained, statutory damages, punitive damages, and reasonable attorney's fees and costs from each and every defendant, jointly and severally.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

1      •       An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

75.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: June 17, 2011                    By: ___/s/ David J McGlothlin___
                                       David J. McGlothlin
                                       Attorneys for Plaintiff